OPINION
Carlos Garrison appeals from the judgment entered by the court of common pleas denying Garrison's petition for post-conviction relief.
In 1995, Garrison was indicted on two counts of complicity to commit theft. After plea negotiations proved unsuccessful, Garrison was re-indicted on two counts of robbery and two counts of abduction. Following a jury trial, Garrison was found guilty as charged. He was convicted and sentenced to consecutive terms of imprisonment totaling twenty-six to fifty years.
We affirmed Garrison's convictions on direct appeal, but reversed and remanded the case for re-sentencing. State v.Garrison (November 14, 1997), Greene App. No. 96CA122, unreported. On remand, the trial court reimposed its original sentence, whereupon Garrison once again appealed to this court in case number 98CA28.
In 1997, Garrison filed a petition for post-conviction relief pursuant to R.C. 2953.21. As grounds for relief, Garrison alleged that he had been the victim of prosecutorial vindictiveness. According to Garrison, after he rejected the State's plea offer and decided to exercise his right to go to trial, the prosecutor re-indicted him on more serious charges in retaliation. The trial court denied Garrison's petition without an evidentiary hearing. Garrison timely appealed to this court from that judgment in case number 97CA118.
We consolidated Garrison's pending appeals, 97CA118 and 98CA28. On October 8, 1998, this court issued its opinion, modifying Garrison's sentences to run concurrently. We also reversed the trial court's denial of Garrison's post-conviction petition and remanded the case to the trial court for an evidentiary hearing on Garrison's claim of prosecutorial vindictiveness. State v. Garrison (October 9, 1998), Greene App. No. 97CA118, 98CA28, unreported.
On remand, the trial court held a hearing on Garrison's claim of prosecutorial vindictiveness. Following the hearing, the trial court once again denied that claim. The court concluded that the evidence presented failed to create a presumption or affirmatively demonstrate that the prosecutor had re-indicted Garrison to punish him for exercising his rights not to enter a guilty plea as charged.
Once again, Garrison has timely appealed to this court from the trial court's judgment.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF.
The sole question presented is whether the prosecutor's actions in re-indicting Garrison on more serious charges after he refused to plead guilty to the original charges constituted prosecutorial vindictiveness, violating Garrison's due process rights. On the facts in this case, we answer that question in the negative.
In Bordenkircher v. Hayes (1978), 434 U.S. 357, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment is not violated when a state prosecutor carries out a threat he made to an accused during plea negotiations to re-indict the accused on more serious charges should he refuse to plead guilty to the charges in the indictment. The court agreed that punishing a person for doing what the law allows him to do, including a choice to exercise his right to go to trial and force the State to prove its case, violates due process of law. However, the court found no element of punishment in the prosecutor's actions because the accused was aware of the prosecutor's intentions and remained free to accept or reject the prosecutor's plea offer.
In criminal prosecutions, the prosecutor's threat to bring more serious charges if an accused refuses to plead guilty constitutes a constitutionally permissible level of "give and take" inevitably present in the plea bargaining process. Furthermore, the fact that an accused has refused to plead guilty and insists on going to trial is not sufficient to give rise to a presumption of vindictiveness whenever more serious charges are thereafter brought before trial. United States v. Goodwin (1982),457 U.S. 368.
We noted in our previous opinion that it appeared that the prosecutor had said nothing to Garrison during plea negotiations about the possibility of charging him with greater offenses should he refuse to plead. That might support a reasonable inference that the prosecutor's decision to seek greater charges was a vindictive reaction to the accused's refusal to plead guilty to the original charges. Bordenkircher, supra.
The evidence presented at the hearing affirmatively demonstrates that both Garrison's trial counsel and a probation officer informed Garrison during plea negotiations that the prosecutor intended to seek additional, more serious charges against him, including robbery and abduction, should he not accept the offer to plead guilty to the indicted charges. Under those circumstances, and where, as here, there appears to be no question that there is evidentiary support for the greater offenses, the prosecutor's decision to seek more serious charges against a defendant who has refused to plead guilty does not violate due process of law. Bordenkircher, supra.
Garrison argues that the Greene County Prosecutor's Office regularly and routinely re-indicts defendants on more serious charges when they decline an offer to enter pleas of guilty or no contest to less serious charges for which they have been indicted. The purpose of this practice may be to avoid complaints that the prosecutor has "dropped" some indicted charges to obtain a plea to others. However, to the extent that the practice also avoids "overcharging" to obtain a plea, it may have a salutary effect. In any event, a criminal defendant who decides to not plead to the lesser charges because he believes that he won't be convicted of the greater charges that could be brought has merely misapprehended his calculus, and cannot complain that the prosecutor is vindictive.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Robert K. Hendrix, Esq.
Richard B. Reiling, Esq.
Hon. M. David Reid